# Third District Court of Appeal

## State of Florida

Opinion filed July 29, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2185
Lower Tribunal No. 24-18532-FC 04
_____

**Fraya Sandoval Rodriguez,**
Appellant,

vs.

**German Luis Ortega Gonzalez,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Ivonne Cuesta, Judge.

Moreno Perdomo, PLLC, Arlenys Perdomo, and Gino Moreno, for appellant.

Guernsey Law, PLLC, and Daniel P. Guernsey, for appellee.


Before FERNANDEZ, MILLER, and LOBREE, JJ.

PER CURIAM.

The wife challenges a final judgment of dissolution of marriage. The final judgment adopted the parenting plan proposed by the husband, awarded him child support, and denied the wife's request for durational alimony and child support in excess of the operative guidelines. Six days before trial, the wife's attorney withdrew from representation with permission from the lower court, citing "significant irreconcilable differences" between the wife, her counsel, and her team of forensic accountants. The withdrawal order granted the wife thirty days to procure new counsel. An attorney briefly appeared on a limited basis during that period, but the wife ultimately proceeded to trial pro se. Finding these facts virtually indistinguishable from those set forth in Sheinheit v. Cuenca, 840 So. 2d 1122 (Fla. 3d DCA 2003), we are constrained to reverse. In Sheinheit, we found that requiring a litigant to proceed to trial self-represented before the period afforded to obtain counsel lapsed constitutes a violation of due process. Id. at 1123 ("[T]he trial court violated [Sheinheit's] due process rights by giving her twenty days to hire an attorney while at the same time forcing her to proceed pro se at a hearing in which all of the issues that required the assistance of an attorney were to be decided."); id. ("[T]he opportunity to be represented by counsel in both civil and criminal proceedings has been equated with due process."

(quoting Times Publ'g Co. v. Burke, 375 So. 2d 297, 299 (Fla. 2d DCA 1979))).  We therefore reverse and remand for a new trial.

Reversed and remanded.